IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DARYL OWENS,                                          Civ. No. 06-602-HO

        Plaintiff,                                 Order

   v.

Commissioner of Social Security,

        Defendant.

Plaintiff filed this action for review of the decision of the Commissioner denying his application for disability insurance and supplemental security income benefits. For the reasons that follow, the decision of the Commissioner is reversed and this matter is remanded for further proceedings.

## Discussion

Plaintiff first contends his physical impairments meet or equal Listing 1.02A, 20 C.F.R. Part 404, Subpt. P, App. 1, and the administrative law judge (ALJ) erred in determining otherwise without proper analysis and assistance from a medical expert.

Substantial evidence supports the ALJ's determination that the inability to ambulate criterion of Listing 1.00B2b (incorporated in Listing 1.02A) is not satisfied. See 20 C.F.R., Part 404, Subpt. P, App. 1, § 1.02A; (Tr. 19-20). Plaintiff's testimony that "I don't walk real well on uneven surfaces" (Tr. 198) does not establish that he is unable to "walk a block at a reasonable pace on rough or uneven surfaces" or sustain a reasonable walking pace over a sufficient distance to carry out activities of daily living. 20 C.F.R. Part 404, Subpt. P, App. 1, § 1.00B2b.

    Medical and lay evidence, including plaintiff's testimony, contradicts the opinion of Dr. Lieuallen that work which requires walking or standing or lateral movement in any way will be difficult if not impossible. (Tr. 138). Although doing so causes sore knees, plaintiff testified that he can go to the store with his kids and walk around for an hour and a half. (Tr. 199). Plaintiff further testified that he can sit in a computer chair for about an hour, he sits for about as long as he can stand, and he would rather walk than stand. (Tr. 199-200). Plaintiff's father wrote that plaintiff can walk one half mile or less. (Tr. 96). He testified that plaintiff does not use a cane. (Tr. 203). Dr. Carlsen released plaintiff to work at a sawmill on February 9, 1999. (Tr. 127). Plaintiff did not keep the next appointment. (Tr. 125). Physicians noted that plaintiff walked shortly after arterial surgery in October and

2 - ORDER

December 2004. (Tr. 20, 158, 166). DDS physicians found plaintiff limited to standing and walking for two hours during an eight hour workday, and limited from using foot controls with the right lower extremity. (Tr. 147). They also found Dr. Lieuallen's opinion inconsistent with plaintiff's report. (Tr. 149).

While plaintiff quarrels with the ALJ's determination that he can ambulate effectively, he offers no alternative theory as to how he is otherwise as medically limited as someone who cannot. Nor does he point to medical evidence of equivalence, except for Dr. Lieuallen's report, which the ALJ properly rejected. In these circumstances, the ALJ's review of the medical evidence sufficiently supports his equivalence finding. Lewis v. Apfel, 236 F.3d 503, 514 (9th Cir. 2001).

Plaintiff next contends that the ALJ's hypothetical question to the vocational expert (VE) failed to include Dr. Lieuallen's opinion and the opinions of DDS physicians that plaintiff should avoid all exposure to hazards, such as "heights, machinery, etc." (Tr. 148, 207). As noted, the ALJ properly rejected Dr. Lieuallen's opinion. The Commissioner concedes that the ALJ's assessment that plaintiff must avoid even moderate exposure to hazards is slightly less restrictive than DDS physicians' assessments that plaintiff must avoid all exposure to hazards. The Commissioner does not argue that the ALJ's assessment of

3 - ORDER

plaintiff's need to avoid moderate exposure to hazards is supported by substantial evidence.  Instead, the Commissioner contends that plaintiff does not show that the jobs identified by the VE require exposure to hazards.  At step five of the sequential evaluation process, the Commissioner has the burden to prove that there are a significant number of jobs in the national economy that plaintiff can do.  Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999).  The Commissioner cannot satisfy this burden with VE testimony based on findings unsupported by substantial evidence.

The ALJ's finding that plaintiff can perform a significant range of sedentary work does not, as plaintiff contends, preclude the ALJ's conclusion that plaintiff can perform a job within a reduced range of light work, such as small products assembler.  The ALJ did not restrict plaintiff to sedentary work, and the VE testified that someone with plaintiff's exertional limitations could perform the job.  See Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).

The ALJ did not elicit an explanation from the VE for deviating from the Dictionary of Occupational Titles (DOT) in opining that the job of telephone solicitor is unskilled.  The deviation is not justified by persuasive evidence.  Johnson, 60 F.3d at 1435; SSR 00-4p.

This case must be remanded to the ALJ for further

4 - ORDER

proceedings.  At a minimum, the ALJ shall receive additional VE testimony, issue a new determination at step five of the sequential evaluation process, and issue a new decision.  The ALJ shall pose a hypothetical question to the VE that includes all of plaintiff's limitations, including the need to avoid all exposure to hazards.  The ALJ may rely on VE testimony deviating from the DOT if the VE provides persuasive reasons for doing so and the ALJ identifies the reasons in his decision.

## Conclusion

Based on the foregoing, the decision of the Commissioner is reversed.  This matter is remanded to the Commissioner for further proceedings before the administrative law judge.

IT IS SO ORDERED.

DATED this  27th  day of February, 2007.

                                     s/ Michael R. Hogan
                                    United States District Judge

5 - ORDER